IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CESAR ESTRELLA                          :               CIVIL ACTION
                                        :
        v.                              :
                                        :
MICHAEL J. ASTRUE                       :               NO.  08-5804

## MEMORANDUM

**Padova, J.**                                                          **March 2, 2010**

Plaintiff Cesar Estrella filed this action, seeking judicial review of the decision of Defendant,

Social Security Commissioner Michael Astrue ("Commissioner"), which denied his claim for Social

Security Disability ("DIB") benefits.  After Plaintiff filed his Brief and Statement of Issues in

Support of Request for Review, we referred the matter to Magistrate Judge David R. Strawbridge,

who issued a Report and Recommendation ("R & R") that Plaintiff's Request for Review be denied

and that judgment be entered in favor of the Commissioner.  Plaintiff has now filed timely objections

to the R & R.  For the reasons that follow, we overrule Plaintiff's objections and approve and adopt

Magistrate Judge Strawbridge's R & R.

## I.      BACKGROUND

This case comes to us with a lengthy procedural history, which Magistrate Judge Strawbridge

recounted in great detail in a Report and Recommendation in an earlier related case.  See Estrella

v. Barnhart, Civ. A. No. 05-5800 (E.D. Pa. Jan. 31, 2008) (Docket No. 15).  Plaintiff applied for

disability benefits on August 19, 1999, alleging a disability onset date of October 6, 1992.  (R. 469.)

He previously worked as a machine operator, and alleges that he is disabled as a result of a work-

related incident that caused him to suffer a left brachial plexus injury in October 1989.  (R. 230,

255.)  Following the injury, Plaintiff suffered headaches and pain in his chest, neck, shoulder, and

back when using his left hand for lifting or other work activities. (R. 230.) Plaintiff also alleges that when he experienced this pain, he had to rest and sometimes became dizzy, and that his medication made him restless. (R. 201-03.) Plaintiff last met the earnings requirement for benefits on December 31, 1995. (R. 752.)[1]

Administrative Law Judge ("ALJ") Peter V. Train held an administrative hearing on June 21, 2000, and issued a decision unfavorable to Plaintiff on September 29, 2000. (R. 14-19.) Plaintiff timely filed a civil action, and upon a joint motion of Plaintiff and the Commissioner, we remanded for further administrative proceedings to clarify Plaintiff's limitations and obtain additional vocational expert ("VE") testimony. (R. 514-16.) On remand, ALJ Gerald J. Spitz held a hearing and, on January 20, 2004, he again issued a decision unfavorable to Plaintiff. (R. 484-88.) Plaintiff again sought review, and the Appeals Council remanded to the ALJ on May 17, 2004, with specific instructions that the ALJ consider Plaintiff's subjective complaints and maximum residual functional capacity, provide rationales for his treatment of the evidence, and obtain supplemental evidence from a VE if necessary. (R. 607-09.) ALJ Spitz issued a second unfavorable decision on May 19, 2005. (R. 493-98.)

Plaintiff then filed a second civil action, but while preparing for review, the Commissioner filed a motion for remand after determining that it was unable to produce a complete administrative record due to defects in the recording of Plaintiff's second administrative hearing before ALJ Spitz. (Civ. A. No. 05-5800, Docket No. 6.) We stayed the federal action and remanded for a new hearing, which ALJ Paula Garrety conducted on May 23, 2006. (R. 726-42.) At the hearing, ALJ Garrety

---

[1]As noted by the Magistrate Judge, it is clear from the record that Plaintiff's health has deteriorated since the expiration of his insured status. However, a reviewing tribunal may only consider Plaintiff's condition as of his date last insured, which is December 31, 1995.

took testimony from Plaintiff, his wife, and a VE. The ALJ issued yet another decision unfavorable

to Plaintiff on June 26, 2006, and the Appeals Council declined review. (R. 468-75, 459-60.) We

then referred the matter to Magistrate Judge Strawbridge, who recommended that the decision below

be vacated and the matter remanded for further proceedings due to the ALJ's failure to account for

a March 8, 2005 report from Dr. Robert Schwartzman, one of Plaintiff's treating physicians, which

indicated that Plaintiff was unable to perform sedentary work on a full-time basis during the relevant

period. (Civ. A. No. 05-5800, Docket No. 15; R. 719.) We approved and adopted Magistrate Judge

Strawbridge's R & R and remanded the matter to the Appeals Council, which reassigned the case

to ALJ Garrety.[2] (Civ. A. No. 05-5800, Docket No. 20; R. 762-65.) At a hearing on August 5, 2008,

ALJ Garrety heard argument from Plaintiff's counsel, and briefly asked Plaintiff about his treating

physicians. (R. 767-71.) Although a VE attended the hearing, Plaintiff's counsel did not question

Plaintiff or the VE. (Id.)

ALJ Garrety issued a decision unfavorable to Plaintiff on September 5, 2008. In that

decision, she stated that she understood the sole issue on remand to be "the analysis of, and

assignment of weight to, the March 8, 2005 opinion of Dr. Schwartzman" (R. 753), but she

nevertheless followed the entire five-step sequential evaluation process specified in 20 C.F.R. §

404.1502(a). (R. 752-57.) In doing so, she first determined that Plaintiff's brachial plexus injury

to the left upper extremity constituted a severe impairment. (R. 753.) She then declined to credit

---

[2]Plaintiff's counsel, by submitting a written objection to the Chief ALJ of the Office of
Disability Adjudication and Review in Elkins Park, Pennsylvania, challenged the assignment of the
case to ALJ Garrety. (R. 759.) Plaintiff's objection was based on a provision of the Hearings,
Appeals and Litigation Law Manual (commonly known as "HALLEX") identifying circumstances
under which a case should not be assigned to a particular ALJ on remand. (Id.) We address this
issue below.

Dr. Schwartzman's 2005 opinion that Plaintiff was unable to perform full-time sedentary work, and found, to the contrary, that Plaintiff had a residual functional capacity ("RFC") for a range of sedentary work. (R. 753-55.) Considering Plaintiff's age, education, and work experience, the ALJ determined that Plaintiff was not disabled during the relevant time period and therefore was not entitled to benefits. (R. 755-57.) The Appeals Council denied Plaintiff's request for review on November 15, 2008 (R. 743), and Plaintiff sought review in this Court.

Plaintiff argues in the Request for Review that ALJ Garrety (1) improperly retained jurisdiction over his claim contrary to the policy set forth in Section I-2-1-55 of the Hearings, Appeals and Litigation Law Manual, commonly referred to as "HALLEX"; (2) erroneously rejected Dr. Schwartzman's 2005 medical opinion; and (3) improperly relied on testimony of the VE that was based on a hypothetical question that failed to incorporate all of Plaintiff's limitations. The Magistrate Judge recommends that we reject all three arguments, and Plaintiff has filed objections to the R & R, re-asserting that the three arguments are meritorious. He therefore requests that we sustain his objections, reject the Magistrate Judge's R & R, vacate the ALJ's decision, and remand the case to the Commissioner for the award of benefits.

II.    LEGAL STANDARD

Judicial review of the Commissioner's final decision is limited, and the ALJ's findings of fact will not be disturbed if they are supported by substantial evidence. Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004) (citing Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999)). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005) (quoting Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003)). "It is more than a mere

scintilla of evidence but may be less than a preponderance." Brown v. Bowen, 845 F.2d 1211, 1213

(3d Cir. 1988) (citing Stunkard v. Sec. of Health and Human Servs., 841 F.2d 57, 59 (3d Cir. 1988)).

The ALJ's legal conclusions are subject to plenary review. Schaudeck, 181 F.3d at 431.

We conduct a de novo review of those portions of a Magistrate Judge's report and

recommendation to which objections are made. 28 U.S.C. § 636(b)(1). We may accept, reject, or

modify, in whole or in part, the Magistrate Judge's findings or recommendations. Id.

## III.    DISCUSSION

### A.    Whether ALJ Garrety Improperly Retained Jurisdiction on Remand

First, Plaintiff argues that ALJ Garrety's retention of the case on remand violated agency

policy as set forth in HALLEX. Plaintiff points to Section I-2-1-55 of HALLEX, which provides

in relevant part:

> Appeals Council remands, including those generated by the courts,
> are assigned to the same ALJ who issued the decision or dismissal
> unless:
>
> a.    the case was previously assigned to that ALJ on a prior remand from
> the Appeals Council and the ALJ's decision or dismissal after remand
> is the subject of the new Appeals Council remand, or
>
> b.    the Appeals Council or the court directs that the case be assigned to
> a different ALJ.

See http://www.socialsecurity.gov/OP_Home/hallex/I-02/I-2-1-55.html. Relying on subsection (a),

Plaintiff argues that his case should not have been reassigned to ALJ Garrety after the April 3, 2008

Appeals Council remand, because the case had already been assigned (albeit for the first time) to

ALJ Garrety on a prior remand from the Appeals Council, on February 21, 2006.

In the R & R, the Magistrate Judge recommends that the reassignment of this case to ALJ

Garrety on remand in 2008 was consistent not only with the intent of the HALLEX provision "that ALJs be given [a single] opportunity to correct errors in their prior decisions that are being remanded" (R & R at 13-14), but also with the Court's apparent intent in the March 7, 2008 remand order. (R & R at 14.) The Magistrate Judge further recommends that, even if returning the case to ALJ Garrety was improper, Plaintiff was not prejudiced by that reassignment and, therefore, is not entitled to the relief he seeks. In his objections, Plaintiff contends that the Magistrate Judge erred in failing to definitively resolve the question of whether the ALJ's conduct violated HALLEX, and in failing to find that he was prejudiced by the alleged HALLEX violation because he "may very well have been awarded benefits" had his claim been adjudicated by a different ALJ. (Pl.'s Objections to R & R at 5.)

We overrule Plaintiff's objections and adopt the Magistrate Judge's recommendation that, regardless of whether ALJ Garrety's conduct violated HALLEX, Plaintiff is not entitled to any relief because he has not demonstrated that he was prejudiced by the alleged violation. As the Magistrate Judge noted, the United States Court of Appeals for the Fifth Circuit has held that if prejudice results to a claimant as a result of the violation of internal procedures such as HALLEX, "the result cannot stand." Newton v. Apfel, 209 F.3d 448, 459 (5th Cir. 2000). In an unpublished opinion, the Third Circuit similarly found that a claimant's objection to the violation of a HALLEX provision was not cognizable because the claimant had not shown that she was prejudiced by the violation. Bordes v. Comm'r of Soc. Sec., 235 F. App'x 853, 859 (3d Cir. 2007).

Plaintiff argues that the Magistrate Judge erred in recommending that he was not prejudiced by the HALLEX violation, asserting that the Magistrate Judge's analysis would "require Plaintiff to prove as a matter of certainty that he would have been found disabled by a different ALJ." (Pl.'s

Objections to R & R at 4.)  However, we do not read the R & R as requiring that Plaintiff "prove as

a matter of certainty" that another ALJ would have reached a different result as to Plaintiff's claim.

Rather, the Magistrate Judge merely noted in the R & R that Plaintiff had not met a much less

onerous burden, i.e., to "point[] to . . . particular prejudice arising from the re-assignment of this case

to ALJ Garrety upon the 2008 remand."  (R & R at 16.)  Indeed, as the Magistrate Judge noted, even

though ALJ Garrety had once before rendered a decision unfavorable to Plaintiff, it was plainly in

Plaintiff's best interest to have the case returned to ALJ Garrety because of the very limited nature

of the remand and ALJ Garrety's ability to expedite the remainder of the proceedings given her prior

handling of, and familiarity with, the case.  In his objections to the R & R, Plaintiff still does not

specifically explain how or why he was prejudiced by the return of his case to ALJ Garrety.  The

entirety of his claim of prejudice is that he "may very well have been awarded benefits if his claim

had been heard by a different ALJ."  (Pl.'s Objections to R & R at 5.)  Accordingly, we agree with

the Magistrate Judge that Plaintiff has not made even the most basic showing that he was harmed

by the reassignment of his case to the same ALJ on remand.  We therefore approve and adopt the

Magistrate Judge's recommendation that the reassignment of Plaintiff's case to ALJ Garrety does

not require that we now vacate the administrative decision below.

> B.      Whether ALJ Garrety Improperly Rejected Medical Evidence

Next, Plaintiff argues in his objections that the ALJ erred by rejecting the March 8, 2005

report and assessment of Dr. Robert J. Schwartzman, Plaintiff's treating physician, on the basis that

it was inconsistent with statements in a prior report dated July 16, 1996, as well as with records from

Plaintiff's other treating physicians during the relevant period.  Plaintiff does not raise new

arguments with respect to this issue but rather incorporates by reference the argument contained in

his Request for Review.

In reviewing medical evidence, an ALJ "must 'explicitly' weigh all relevant, probative and available evidence." Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994) (citations omitted); Brewster v. Heckler, 786 F.2d 581, 584 (3d Cir. 1986). "'An ALJ should give treating physicians' reports great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'" Brownawell v. Comm'r of Soc. Sec., 554 F.3d 352, 355 (3d Cir. 2008) (internal quotation marks omitted) (quoting Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000)). "While contradictory medical evidence is required for an ALJ to reject a treating physician's opinion outright, such an opinion may be afforded 'more or less weight depending upon the extent to which supporting explanations are provided.'" Id. (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)). Where the evidence conflicts, "the ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.'" Plummer, 186 F.3d at 429 (quoting Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993)). Rather, she "must consider all the evidence and give some reason for discounting the evidence she rejects." Id. (citation omitted).

We remanded Plaintiff's case on March 7, 2008 in order for the ALJ to consider the 2005 opinion of Dr. Schwartzman, which she had previously failed to do. On remand, the ALJ extensively considered the March 8, 2005 report and assessment, in which Dr. Schwartzman stated both that Plaintiff was unable to perform even sedentary work on a full-time basis during the relevant period, and that Plaintiff's condition had deteriorated since the date last insured (December 31, 1995). (R. 754.) The ALJ also considered a report dated July 16, 1996, in which Dr. Schwartzman noted that Plaintiff had "clearly improved." (Id.) She found that Dr. Schwartzman's 2005 report was not

persuasive and should not be afforded any weight because it was inconsistent with statements in the 1996 report, as well as with evidence from other physicians, including Dr. James Hunter, who treated Plaintiff in late 1995 and early 1996, and who described Plaintiff's limitations during that time in more optimistic terms. (R. 754-55.) Additionally, the ALJ adopted and incorporated her June 26, 2006 decision "[e]xcept to the extent that [the June 26, 2006 decision was] altered, modified or supplemented" by her subsequent decision. (R. 751, 752.)

While Plaintiff now argues – as he did in his Request for Review – that the ALJ erred in failing to credit Dr. Schwartzman's 2005 evaluation, Magistrate Judge Strawbridge presents a thorough and correct analysis of that issue.[3] The Magistrate Judge correctly notes that the ALJ's rejection of Dr. Schwartzman's 2005 opinion is supported by two findings: (1) that the 2005 opinion was inconsistent with assessments of Plaintiff that Dr. Schwartzman and Dr. Hunter conducted closer in time to the date last insured; and (2) that Dr. Schwartzman examined Plaintiff only once prior to his date last insured, making it less likely that he was "in a position to assess the precise contours of [Plaintiff's] residual functional capacity leading up to December 31, 1995." (R & R at 21.) As we agree with the analysis and thereby conclude that the ALJ was not required to credit Dr. Schwartzman's 2005 opinion, we approve and adopt the Magistrate Judge's recommendation that

---

[3]Plaintiff also argues (1) that the ALJ misinterpreted opinion evidence from Dr. Hunter as supporting her finding that Plaintiff was not disabled, when Dr. Hunter actually recommended that Plaintiff was unable to perform full-time work; and (2) that the ALJ improperly focused on a single section of the 1996 physical capacity evaluation when the evaluation, as a whole, supported a finding of disability. However, as the Magistrate Judge points out in the R & R, Plaintiff made these same arguments in a previous Request for Review (Civ. A. No. 05-5800, Docket No. 11, at 5), and the Magistrate Judge thoughtfully considered and rejected them in a previous R & R (Civ. A. No. 05-5800, Docket No. 15, at 12), which we approved and adopted (Civ. A. No. 05-5800, Docket No. 20). We will not revisit those issues here, as the ALJ's most recent 2008 decision does not alter the analysis of the issues.

there is substantial evidence to support the ALJ's evaluation of Dr. Schwartzman's opinions in light of other record evidence. We therefore overrule Plaintiff's objection to the contrary.

C.        Whether the ALJ Relied on an Incomplete Hypothetical Posited to the VE

Finally, Plaintiff argues that the ALJ erred by relying on VE testimony that was based on a hypothetical question that failed to incorporate all of Plaintiff's limitations. As with the preceding issue, Plaintiff does not raise new arguments in his objections, but rather incorporates by reference the argument contained in his Request for Review. In his Request for Review, Plaintiff argues that since the ALJ accepted and relied upon evidence showing that he had difficulty "grasping and handling" with his left hand, which is his dominant hand, it was inappropriate for her hypothetical question to exclude any reference to those difficulties.

While an ALJ need not "submit to [a] vocational expert every impairment *alleged* by a claimant," the hypothetical questions posed to the VE "must accurately portray the claimant's impairments[,] and . . . the expert must be given an opportunity to evaluate those impairments as contained in the record." Rutherford, 399 F.3d at 554 (internal quotation marks and citation omitted). Put another way, "the ALJ must accurately convey to the vocational expert all of a claimant's *credibly established limitations*." Id. (citing Plummer, 186 F.3d at 431).

At the 2006 hearing, the ALJ referred the VE to Plaintiff's March 1996 physical capacity evaluation. (R. 737.) After the VE identified the "vocationally relevant functional deficits" reflected in that evaluation, the ALJ asked the VE to opine on the availability of jobs assuming an individual of the claimant's age, education, and past work history, with the capability to perform "a range of sedentary work that does not involve reaching or handling overhead or lifting with the dominant right upper extremity, and does not require continuous repetitive use of the dominant right upper

10

extremity." (R. 738.)  The VE responded that the specified limitations allowed for a range of sedentary work, identifying in particular the positions of packer, assembler, and inspector/sorter. (Id.)

The Magistrate Judge notes that Plaintiff raised the same issue that he raises now in his prior Request for Review in his previous civil action.  At that time, we adopted the Magistrate Judge's recommendation that the ALJ's hypothetical question, which expressly precluded jobs involving certain types of reaching and limited the range of jobs to those at the sedentary level, adequately accounted for Plaintiff's limitations, and was consistent with the March 1996 evaluation of Plaintiff. (Civ. A. No. 05-5800, Docket Nos. 15, 20.)  The Magistrate Judge has incorporated this earlier analysis into his current R & R by reference, and we agree with his recommendation that there is no reason to deviate from that prior analysis.  Accordingly, we approve and adopt his recommendation that the hypothetical question posed to the VE during the 2006 hearing was not deficient.

## IV.   CONCLUSION

For the foregoing reasons, we overrule Plaintiff's objections to the R & R of Magistrate Judge Strawbridge, approve and adopt the R & R in its entirety, and deny Plaintiff's Request for Review.  An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova
John R. Padova, J.

11